IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**GEORGE L. JOHNSON,**

    **Plaintiff,**

vs.                                                              Case No. 4:08cv274-RH/WCS

**AVENTIS BEHRING,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff's motion seeking leave to proceed *in forma pauperis*. doc. 2, was granted, doc. 4, and it has now been learned that Plaintiff timely paid the filing fee. Doc. 7. The report and recommendation, doc. 5, entered on July 28, 2008, has been vacated in a separate order entered this day.

It is now appropriate to review the allegations of Plaintiff's complaint. Doc. 1. Plaintiff is an inmate at Liberty Correctional Institution in Bristol, Florida. *Id.* The lone Defendant in this action is Aventis Behring, a company whose principal business address is: 1020 First Avenue, King of Prussia, PA 19406-0901. Doc. 1, p. 2. Defendant operates a business in Tallahassee, Florida, where persons can donate plasma. *Id.*, at 7.

The complaint does not concern events within the Department of Corrections. Doc. 1, p. 3.  Instead, Plaintiff alleges that he donated plasma on March 21, 2002, and was arrested several days later and charged with committing sexual battery.  *Id.*, p. 7. Plaintiff claims he was present at Aventis Behring at the time of the offense.  *Id.*  Plaintiff contends in this civil rights case that Defendant failed to provide him with documents which would allegedly support Plaintiff's alibi defense and violated his rights.

Plaintiff alleges that in April of 2002, an investigator from the Leon County Public Defender's office contacted the Defendant and was told "a release of the records would not be successful without a subpoena from the courts." *Id.*, at 7.  It is unknown from Plaintiff's allegations whether a subpoena was ever sought or issued.  Plaintiff further alleges that on August 27, 2003, "a consent for release of confidential information was sent to Aventis Behring. *Id.*, at 7.  It appears that Plaintiff himself sent the request as he states that on September 12, 2003, a legal assistant at the company located in King of Prussia, Pennsylvania, responded to his request.  *Id.*, at 8.  Plaintiff does not clarify precisely *how* the request was answered, although it is clear that Plaintiff received *at least some* documents in response, but Plaintiff states he "was unsuccessful in obtaining the information."  *Id.*, at 8.

After a large gap in time (four and a half years), Plaintiff next claims that on April 8, 2008, a letter was sent to Aventis "identifying the specific documents of the walk-in sign in sheet for new donors that would reflect the times 12:09 p.m. of March 21, 2002." *Id.*  He subsequently sent a letter on May 1, 2008, requesting information "pursuant to the Freedom of Information Act[,] 5 U.S.C. 552 and the Privacy Act[,] 5 U.S.C. 552a(d)(1) . . . ."  *Id.*  Plaintiff acknowledges receiving the same information he received

back in 2003, which Plaintiff claims is not responsive to his request to "locate the 'receptionist walk-in sign in sheets.' " *Id.*, at 8.

Plaintiff intimates by his allegations that if the information he had requested had been presented, he would not have been accused of committing a sexual battery on March 21, 2002, because Plaintiff claims that is the time he was present at the business donating plasma. *Id.*, at 9. Plaintiff alleges that his "attempts to gain this information from this company have been led astray in that these documents cannot be found." *Id.* Plaintiff claims that his innocence is "overlooked by a company whom [sic] shows no interest in its patients, and has only become concerned about contribution to profit itself." *Id.*

Plaintiff asserts that Defendant violated the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. *Id.*, at 10. Plaintiff requests injunctive relief in that he wants to compel the Defendant to "produce the receptionist walk-in log sheets for the entire day of March 21, 2002." *Id.*

**Analysis**

The Freedom of Information Act requires the disclosure of agency records. Agency, however, is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Defendant is a private company, not a government agency. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under the Freedom of Information Act.

Plaintiff's complaint presents no facts demonstrating how any rights under the Privacy Act were violated. Plaintiff specifically cites to 5 U.S.C. § 552a(d)(1) which provides:

> (d) Access to records.--Each agency that maintains a system of records shall--
>
> (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;

5 U.S.C.A. § 552a(d)(1).

Agency (for purposes of the Privacy Act) is defined as being "any Executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the [federal] Government . . . or any independent regulatory agency." 5 U.S.C. §§ 552(f)(1), 552a(a)(1). A private business is not a proper Defendant in a Privacy Act claim. Pennyfeather v. Tessler, 431 F.3d 54, 56 (2d Cir. 2005) (noting "the private right of civil action created by the Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entities, or state and local officials."), *quoting* Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985) (citations omitted). Moreover, even *if* Plaintiff had named an appropriate Defendant, he presents no allegations showing that the Privacy Act was violated. Plaintiff received records in 2003 and again in 2008, but there are no allegations that any highly personal information has been disclosed in violation of the Privacy Act.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**